UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARCO ANTONIO GARCIA
GUERRERO,

      Petitioner,

v.                                           Case No.  2:26-cv-1230-JES-DNF

WARDEN, FLORIDA SOFT SIDE
SOUTH DETENTION FACILITY,
et al.,

      Respondents.
_____/

**OPINION AND ORDER**

Petitioner Marco Antonio Garcia Guerrero, an immigration detainee currently held at Glades County Detention Center, initiated this action by filing a pro se 28 U.S.C. § 2241 petition for writ of habeas corpus.  (Doc. 1).  Respondents have filed a response and a supplemental response to the petition.  (Doc. 7; Doc. 11).  Garcia Guerrero has filed a reply.  (Doc. 8).  Upon review of the parties' filings, the Court finds that the petition must be granted.

**I.   Background**

Garcia Guerrero, a citizen of Cuba, entered the United States without inspection on an unspecified date.  (Doc. 7 at 2).  He was ordered removed to Cuba on September 23, 1991.  (Id.)  On December 5, 2025, Garcia Guerrero was arrested in Miami Dade County for

trespassing, and he was transferred to Immigration and Customs Enforcement (ICE) custody on December 19, 2025.  (Id.)

## II.  Discussion

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days."  Singh v. U.S. Attorney Gen., 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)).  The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final.  Id.  Detention may continue after the removal period, but not indefinitely.

Garcia Guerrero argues that he is entitled to release under Zadvydas v. Davis, 533 U.S. 678 (2001), because his post-removal-order detention exceeds six months and there is no significant likelihood of removal in the reasonably foreseeable future.  In Zadvydas, the Supreme Court held that "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."  533 U.S. at 700-01 (2001).  If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal."  Id. at 699.  The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]."  Id. at 701.  So, "for the sake of uniform administration in the federal courts," it

2

established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. Id. If, after 180 days, the noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the government must provide sufficient evidence to show otherwise. Id.[1]

Here, there is no dispute that Garcia Guerrero has been in ICE custody for more than six months following his latest detention. Thus, on June 17, 2026, the Court directed Respondents to "describe in detail all efforts made to secure [Garcia Guerrero's] removal." (Doc. 10). Respondents offer the declaration of Deportation Officer Norris Q. Sealey who asserts that "[o]n February 9, 2026, the petitioner was an FTC for third country removal to Mexico at Hidalgo, TX. POE. Mexico/INAMI denied repatriation and subject was returned to original AOR." (Doc. 11-1 at 2). Officer Sealey asserts that it will attempt removal to Mexico at some other unspecified time and will follow "proper procedures" for doing so. (Id. at 3).

---

[1] The Supreme Court subsequently clarified that inadmissible aliens held in post-removal detention are also entitled to this type of individualized review after their detention exceeds six months. See Clark v. Martinez, 543 U.S. 371 (2005) (extending Zadvydas's holding to inadmissible aliens as a matter of statutory interpretation).

3

Notably, Respondents do not allege that Mexico has agreed to accept Garcia-Guerrero or that ICE even had an approved plan for removal to Mexico that he thwarted in some way.  Further, assuming that Mexico was willing to accept Garcia Guerrero (notwithstanding his criminal record), Officer Sealy does not explain why ICE could not or did not thereafter seek travel documents or otherwise plan for his removal to Mexico in a different way, such as a charter flight.  In fact, Respondents provide no evidence suggesting that ICE actually communicated with Mexico specifically regarding Garcia Guerroro.  Nor do Respondents claim that necessary travel documents have been sought—let alone obtained—for any country. The Court's confidence in Garcia-Guerrero's foreseeable removal to Mexico is further undermined by the fact that other district courts recognize that Mexico's acceptance of a Cuban national may be contingent upon the noncitizen's agreement to go there, which Respondents admit they do not have.  See Sanchez v. Bondi, et al., No. C25-2573-KKE, 2026 WL 160882, at 3-4 (W.D. Wash. Jan. 21, 2026) (noting that Mexico's conditional acceptance casted doubt on Respondents' ability to remove the petitioner); Arenado-Borges v. Bondi, No. 2:25-cv-2193-JNW, 2020WL 3687518, at *4 (W.D. Wash. Dec. 19, 2025) ("[T]he record suggest Mexico's acceptance may be contingent on the noncitizen's consent").

In short, Respondents have had more than six months since his present detention to remove Garcia Guerrero and are still unable

4

to articulate a specific plan for his removal to Cuba, Mexico, or another country.  Thus, based on the evidence, or lack thereof, the Court finds that Respondents do not show a significant likelihood that he will be removed in the reasonably foreseeable future.  And while there may be some possibility that Mexico will eventually accept him, "that is not same as a significant likelihood that [he] will be accepted in the *reasonably foreseeable future*."  Arenado-Borges, 2025 WL 3687518, at *4 (emphasis added, quotations omitted).  "[T]he Government cannot lock individuals in a cell indefinitely as a workaround for a stalled deportation process."  Romero v. Noem, No. 2:26-cv-352-KCD-NPM, 2026 WL 820499, at * 3) (M.D. Fla. May 25, 2026) (citing Zadvydas, 533 U.S. at 679).

Therefore, Garcia-Guerrero is entitled to release from detention under Zadvydas, but he remains subject to the terms of an order of supervision.  If he fails to comply with the conditions of release, Garcia Guerrero may be subject to criminal penalties—including further detention.  See 8 U.S.C. § 1253(b); Zadvydas, 533 U.S. at 695("[W]e nowhere deny the right of Congress . . . to subject [aliens] to supervision with conditions when released from detention, or to incarcerate them where appropriate for violations of those conditions.").

If removal becomes likely in the reasonably foreseeable future, ICE can re-detain Garcia Guerrero to "assur[e] [his] presence at the moment of removal." Zadvydas, 533 U.S. at 680.

### III. Conclusion

Accordingly, it is **ORDERED**:

1.   Marco Antonio Garcia Guerrero's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** to the extent set forth in this Order.

2.   Respondents shall release Garcia Guerrero within 24 hours of this Order, and they shall facilitate his transportation from the detention facility by allowing him telephone access to notify counsel and his family of when and where he can be collected.

3.   The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on June 23, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE